## JOE AND LAWRENCE GARMAN v. THE STATE.

1. CRIMINAL LAW.   *Practice.   Amendment.*
   An insufficient or defective affidavit may be amended after appeal to the circuit court at any time before the submission of the cause of the jury. Code 1880, § 1581 ; Acts 1886, p. 85.

2. CONTRADICTION OF WITNESS.   *Irrelevant matter.*
   Evidence to contradict a witness as to collateral and irrelevant matter is incompetent.

3. ACCUSED AS WITNESS.   *Presence during trial.*
   It is error to require an accused person who is also a witness to leave the court-room while other witnesses are testifying during his trial.   Whether charged with a felony or misdemeanor, the accused has the right to be present and to see and hear all that occurs in the trial ; and his being a witness in his own behalf does not affect this right.   *French* v. *Sale,* 63 Miss. 386, *distinguished.*

APPEAL from the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

Appellants were tried and convicted before a justice of the peace upon an affidavit charging a violation of § 2770 of code 1880, in reference to the use of profane, vulgar, and indecent language near the dwelling-house of another, and in the presence or hearing of the family of the occupant.   An appeal was taken to the circuit court, and before the cause was submitted to the jury the district attorney asked and obtained leave to amend the affidavit so as to show the use at the same time of other language of like import in addition to that charged, and also to show that it was *willfully* used by appellants.

The defendant, Lawrence Garman, was introduced as a witness for the defense, when the court, at the request of the district attorney and against the objection of defendants, ordered the defendant, Joe Garman, out of the court-room and away from the hearing of the testimony of his co-defendant.   Defendant Joe Garman accordingly left the room and remained out while Lawrence Garman was testifying.

Upon the cross-examination of Lawrence Garman, who testified

for the defense, the district attorney elicited proof of former dealings between the witness and the occupant of the house, out of which ill-feeling toward him on the part of said occupant was supposed to have arisen. The district attorney was permitted, against defendant's objection, to introduce witnesses in rebuttal on this point.

The defendants were convicted and appealed to this court.

*J. A. Blair*, for appellants.

It is a principle pervading the entire law of procedure in criminal causes, that after indictment found, nothing shall be done in the cause in the absence of the prisoner. 1 Bishop Cr. Pro., § 682.

The court proceeded on the theory that, as defendants were competent witnesses, they were subject to the rule that witnesses may be required to testify out of the hearing of each other, and relied on *French* v. *Sale*, 63 Miss. 386, to authorize the application of the rule in this case to parties to the suit. It is sufficient to say that this is a criminal case, that was a civil case. In that case the defendant was not required to leave but only to testify first in order to remain.

Evidence to contradict the witness as to matters that were brought out on cross-examination and which were immaterial and irrelevant was incompetent. 1 Greenl. Ev., § 462.

The amendment of the affidavit was improper. The general law of amendment does not apply to criminal cases. *Moore* v. *State*, 13 S. & M. 259; *McGuire* v. *State*, 35 Miss. 366. Since these cases, statutes have been passed allowing specified amendments. Do any of these statutes authorize the amendments made in the circuit or justice court? I find no decision upon this point in our reports. The new affidavit was not by the prosecuting witness but was the act of the court.

Sections 3005 to 3017 and §§ 3072 to 3082 refer to indictments, not affidavits, and only to formal defects. The amendments in this case were on matters of substance. Penal statutes cannot properly be construed to embrace cases not plainly within their meaning or letter. *Johnson* v. *State*, 63 Miss. 230; *Harrington* v. *State*, 54 Ib. 490; 1 Bish. Cr. L., § 262.

*T. M. Miller*, attorney-general, for the state.

The exclusion of Joe Garman from the court-room might have been error if the defendants had been charged with felony, but it is probably not error in cases of misdemeanor. Our statute recognizes a difference in certain cases, and permits a conviction for misdemeanor in the absence of the accused.

We see no error in allowing the state to contradict by rebuttal the testimony of the defendant's witness whereby they undertook to show a motive in the occupant of the house to curse defendants in the first place.

The amendment was proper under our statutes. See Acts 1886, p. 85. No continuance was asked on account of the amendment.

ARNOLD, C. J., delivered the opinion of the court.

The amendment of the affidavit in the circuit court, was warranted by § 1581 of the code, as amended by the act of 1886. Acts of 1886, 85.

It was error to allow Lawrence Garman to be contradicted in rebuttal, as to a collateral and irrelevant matter. A witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence. And if a question is put to a witness which is collateral and irrelevant to the issue, his answer cannot be contradicted by the party who asked the question; but it is conclusive against him. 1 Greenleaf Ev., §§ 448, 449. The course pursued with this witness is not within any exception to the rule stated.

As to the appellant, Joe Garman, it was error to require him to leave the court-room with other witnesses during the progress of the trial. It was his right to be present and to see and hear what occurred in the trial, and to advise and assist his counsel, and the fact that he was a witness as well as a defendant, did not deprive him of this right. And it does not alter the case, that he was being tried for a misdemeanor instead of a felony, or that he might, by his own default or misconduct, have waived his right to be present.

In *French* v. *Sale*, 63 Miss. 386, after the plaintiff had closed, the defendant, who was also a witness in his own behalf, was

required by an order of court, to testify before his brother, who was a witness for the defense, with whom he was charged to be in conspiracy for the purpose of cheating and defrauding his creditors, was examined, or to retire from the court-room while his brother was testifying, and this was sanctioned on appeal. But it was said in that case, that to require a party to *a civil suit,* to leave the court-room unconditionally, while the case to which he was a party was being tried, would be a violation of his legal rights. *French* v. *Sale* is supported by *Tift* v. *James,* 52 Ga. 538, and perhaps, by other cases. 1 Greenleaf Ev., 14th ed., § 432, note a. We find no authority that extends judicial discretion in such matters, beyond what was done in *French* v. *Sale,* and none that would warrant its exercise to that extent, in any criminal trial. *Ryan* v. *Cranch,* 66 Ala. 636 ; *Chester* v. *Bower,* 55 Cal. 46 ; *Larue* v. *Russell,* 26 Ind. 386 ; *Crowe* v. *Peters,* 63 Mo. 429 ; *Schneider* v. *Haas,* 14 Oregon 174 ; 58 Am. R. 296.

*Judgment reversed and cause remanded.*