## Lettie Corbin *v*. State.

### [55 South. 43.]

1. Criminal Law. *Application for continuance. Trial. Right of accused to be present. Constitution, section 26. Illness of accused.*

On reviewing the denial of an application for continuance by the lower court, the supreme court can only consider what is in the record.

2. Continuance. *Illness of accused.*

Where accused, on trial for the unlawful sale of intoxicating liquors applied for a continuance and showed that she was physically unable to attend the trial without permanent injury to her health and that she was the only material witness to contradict the testimony of the prosecution showing a sale by her, it was error for the court to refuse to grant a continuance until the next term of the court or until a later day in the term when accused could be present.

3. Voluntary Absence of Accused. *Constitution, section 26.*

In a trial for a misdemeanor the accused, may, by his own fault or misconduct, waive the right to be present, but where the accused is physically unable to attend his trial, it cannot be said that he voluntarily absents himself, and if tried in his absence, he is deprived of his constitutional right to be present.

Appeal from the circuit court of Forrest county.

Hon. Paul B. Johnson, Judge.

Lettie Corbin was tried in her absence and convicted of the unlawful sale of intoxicating liquor and appeals. The facts are fully stated in the opinion of the court.

*Clyde R. Conner,* for appellant.

In support of our contention that the court erred in not granting a continuance in view of the facts in this case, we do not care to cite any further authority than section 26 of the Constitution of 1890, which holds in sub-

stance, that in all criminal prosecutions the accused shall have the right to be heard by himself or counsel, or both, and to be confronted by the witnesses against him. We must confess that, after a careful and thorough examination of our Mississippi Reports, we are unable to find a case reported with the facts similar to the one at bar, and can only account for this strange fact by the supposition that, heretofore trial judges have not allowed their zeal for convictions to so blind and warp their mental vision as to make them unmindful of the fundamental law of the land, that is to say, the Constitution of the state of Mississippi. It is true that this proposition is touched upon in the case of *Garmon et al.* v. *State,* 5 So. Rep. 385; there Arnold, C. J., says that on a trial of accused for a misdemeanor: "As to appellant Joe Garmon, it was error to require him to leave the courtroom with other witnesses during the progress of the trial. It was his right to be present, and to see and hear what occurred in the trial, and to advise and assist his counsel; and the fact that he was a witness as well as a defendant did not deprive him of this right. And it does not alter the case that he was being tried for a misdemeanor, instead of a felony, or that he might by his own default or misconduct, have waived his right to be present." There is no doubt but that the appellant Corbin was denied this right to be present during the trial of this case; and that her absence was not voluntary, but due to the fact that she was sick and unable to attend her trial. The witness Kelly testified that in his opinion appellant would be able to attend court by Thursday of the fourth week, that was just three days delay. If the trial court had wanted to safeguard appellant the constitutional right to be present and heard at her trial, why did he not continue this case until Thursday?

The record is uncontradicted on the point that appellant was the only person who was able to testify that she was not guilty of the crime charged in the affidavit.

We hardly deem it necessary to cite authorities holding it reversible error for a trial court to refuse an application for a continuance where it is shown that a material witness is absent on account of sickness, yet, at the risk of appearing tedious, we are going to refer briefly to a few of the late cases decided by this court. In the case of *State* v. *Vollm,* 5 So. 275, Chief Justice Whitfield said:

·''We think the court below erred in not granting the continuance, or, at least setting the case for a later day in the term. The application for a continuance was based on the ground that Mrs. Hall, who was witness to the execution of the receipt in question, and who was within the jurisdiction of the court, and who had been served with process, and who was then within the county, but sick, would testify that the clause alleged to have been unlawfully inserted in the receipt was in said receipt when said J. C. Prather signed it, and that defendant did not insert into said receipt or instrument the words and matter set out in said indictment as having been inserted after Prather signed receipt. The affidavit for continuance further showed that there was no other witness by whom these facts could be proven. It is manifest that the testimony of Mrs. Hall was of the most vital character, and the court should certainly have either set the case for a later day of the term, or, if she should not have recovered from her illness, have continued the case until the next term.'' The case above cited is exactly in point with the one at bar.

In the case of *Casey* v. *State,* 50 So. 978, where the sheriff found one of the witnesses, a woman, at home, claiming to be sick. He forced her to get out of bed and attend the trial, but she was so hysterical she was unable to testify. The defendant's attorney made motion to have the case passed until a later day of the term, which was overruled. The court speaking through Chief Justice Whitfield, says: ''Undoubtedly, under the showing

made in the record, this case involving the life of the
appellant, should have been postponed until Monday
from late Saturday afternoon.'' We are unable to see
why the court should not have continued the case at
bar until Thursday, after the doctor had testified that
in this opinion she would be able to attend court Thurs-
day or Friday anyway.

The case of *Caldwell* v. *State,* 37 So. 816, is one in
which the appellant was charged with the unlawful sale
of intoxicating liquors, and in his motion for a continu-
ance sets up that his wife is material witness for defend-
ant, that she was sick and unable to attend court, that
he expected to prove by her that he did not sell the
whiskey and that she would be present at the next term
of court. The court said: ''In view of the statement
contained in appellant's affidavit for continuance were
not denied or in any way discredited, the application
should have been granted.'' We do not care to quote
from any other opinions of the Supreme Court, for it
has universallly held that when a trial court refuses an
application for a continuance after a showing has been
made the case will be reversed. And in support of this
assertion we respectfully submit the following cases:
*Haven* v. *State,* 23 So. 181; *Whit* v. *State,* 37 So. 809;
*Scott* v. *State,* 31 So. 710; *Watson* v. *State,* 33 So. 491;
*Fooshee* v. *State,* 54 So. 148; *Woodward* v. *State,* 42 So.
167; *Watts* v. *State,* 44 So. 36; *Magee* v. *State,* 45 So.
360; *De Sliva* v. *State,* 45 So. 611; *Anderson* v. *State,* 50
So. 554; *Casey* v. *State, supra,* cited; *State* v. *Vollm,*
*supra,* cited; *Dobbs* v. *State,* 51 So. 915; *Knox* v. *State,*
53 So. 695.

In conclusion we unhesitatingly state, that after a
careful consideration of this case, viewed in the light of
the cases above cited, that this should be reversed on
either of the above grounds first set out in the assign-
ment of errors, that is to say because the defendant was
denied the right to be present during the progress of

her trial, and because she was a material witness in her own behalf.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

The appellant was convicted of selling liquor. Her case was called for trial in the circuit court on the second day of the term, and was postponed because of her alleged illness. It was called several times during the term and she always managed to be sick, though would frequently be well between spasms, it so happening that she always had a relapse about the time for the trial. Finally, on the fourth week she filed application for a continuance, accompanied by an affidavit from an M. D. with a police court record. She says in the affidavit she is the only material witness in her own behalf, and that if she were present, she would swear she didn't sell the liquor. Her plea of not guilty which was entered for her practically accomplishes the same purpose. She does not set up any facts in this affidavit which seem to contradict in any way any of the State's testimony, which abundantly supports the verdict of guilty. And even admitting that she would deny guilt, there could have been no other verdict unless an arbitrary one. She had no witnesses to corroborate her in any thing, and the proof is too clear against her to permit intereference now, unless she was deprived of some right guaranteed her by the Constitution, which is not the case, since this is a misdemeanor and is properly triable in her absence. She had sufficient opportunity to appear and it seems evident she was playing for time, as she had no defense to offer. No one forced her to be absent and she could have appeared on several occasions during the term of the court, if she had desired, but having no defense, it is evident she did not desire to be present.

To summarize, the case was properly triable in the absence of the defendant. A sufficient showing is not

made for her absence. If what she says in her affidavit is true, it could not have helped her case for a simple denial could have had no more effect on the jury than a plea of not guilty. She was represented by counsel and had weeks to prepare her defense, and yet no defense is offered. The verdict is manifestly proper and the case should be affirmed.

ANDERSON, J., delivered the opinion of the court.

The appellant, Lettie Corbin, was convicted of the unlawful sale of intoxicating liquors, and appeals to this court.

The only ground relied on for a reversal was the refusal of the court below to grant appellant's application for a continuance. When the case was called for trial, appellant's attorney presented an application for a continuance, sworn to by himself, in which he set up that appellant on account of sickness was unable to be present at the trial, and if present she would testify she did not make the alleged sale, and in support of this application presented the affidavit of Dr. Kelly, appellant's attending physician, to the effect that she was suffering with a serious female trouble, that she had fever, her temperature being 103 degrees, and in his judgment, if she was brought to court and forced to go through a trial, it would probably result in permanent injury to her health, and might necessitate an operation endangering her life. On the hearing of the application Dr. Kelly was introduced as a witness, and testified to substantially the same facts as set out in his affidavit. He stated, further, that in his judgment she would be able to attend her trial at a later day in the term. The application was made during the fourth week of the term; the case having been delayed from time to time on account of appellant's sickness. The court overruled the application, and appellant was tried in her absence.

The court below may have been in possession of facts and circumstances with reference to the condition of appellant, not shown by the record in this case, which was influential in denying the application for a continuance. But this court can only consider what is in the record.

Appellant was a material witness in her own behalf. When the alleged sale was made, there was no witness present, except state's witness Williams. She had no testimony to offer, except her own, in denial of the alleged sale. Our judgment is the court erred in not either delaying the case to a later day in the term or continuing it until the next term of court.

Furthermore, the appellant had the constitutional right to be present when tried; such right being guaranteed by the twenty-sixth section of the Constitution, which applies to trials for misdemeanors as well as felonies. In a trial for a misdemeanor, the accused may, by his own fault or misconduct, waive the right to be present. In *Garmon et al.* v. *State,* 66 Miss. 196, 5 South. 385, Garmon, who was being tried jointly with another for a misdemeanor, was forced by the court to go under the rule with the other witnesses. The court said: "It was his right to be present, and to see and hear what occurred in the trial, and to advise and assist his counsel; and the fact that he was a witness, as well as a defendant, did not deprive him of this right. And it does not alter the case that he was being tried for a misdemeanor, instead of a felony, or that he might, by his own default or misconduct, have waived his right to be present."

Where a party accused of crime is physically unable to attend his trial, it cannot be said that he voluntarily absents himself; and, if tried in his absence, he is thereby deprived of his constitutional right to be present.　　　　　　　　　　*Reversed and remanded.*