·SAM WILLIAMS *v.* STATE.

[60 South. 73.]

CRIMINAL LAW. *Absence of accused. Code 1906, section 1495.*

In cases less than felony under Code 1906, section 1495, so providing,
an accused may be tried in his absence where he is under bond and
leaves.the court room without the permission of the court although
he has been in attendance for three days.

APPEAL from the circuit court of Alcorn county.
HON. JNO. H. MITCHELL, Judge.
The facts are fully stated in the opinion of the court.

*Lamb & Warriner*, for appellant.

The sole question presented in this case is whether or
not the trial court abused its judicial discretion when it
refused to set aside the verdict of the jury and the judg-
ment of the court and grant the appellant a new trial.
The record shows that the appellant was in court all day
Monday, which was not necessary, as the criminal docket

would not be called till Tuesday morning, and was there all day Tuesday and answered when the docket was sounded and his case was not tried that day; he was there all day Wednesday and his case was not tried that day. He was there Thursday morning before court opened and when court opened, and, after court had been open for about an hour, he left the courthouse and went a short distance therefrom to endeavor to get money to employ an attorney to defend his case, and was gone about an hour, being detained this long because of a downpouring rain, and during this short interval his case was called and tried in his absence. The defendant claims that he is innocent and that he has a good and meritorious defense to this case. If this is true, it is certainly hard that the discretion of the court should be used against him, and the only way to ascertain whether or not it is true is to let the case be tried again.

Now, we concede to the court that if this appellant had shown any want of good faith on his part, then he could not complain at the court using its discretion against him, but his good faith in this case is not questioned and his effort to get legal assistance should not be used against him.

As all cases of judicial discretion are purely matters of discretion with the court passing on the same, and such case must be decided for itself and no fixed rules of law can govern the same, we respectfully submit this case to the court without further comment, as no amount of argument could do anything more than show what has been done in other cases, which has very little weight with any case that is on trial as it must be governed by its own peculiar facts.

*Geo. H. Ethridge,* Assistant Attorney-General, for the state.

Appellant filed a motion in the court below to set aside the verdict of the jury, setting up that he had attended

the court during all the preceding time, and on that morning, until about nine o'clock, and was only gone about an hour from the court room, and that his absence was for the purpose of getting funds and employing an attorney. The court below declined to set aside the judgment and appellant appeals.

The trial court is imposed with a discretion in such matters, but it is a legal discretion and should be exercised only on some showing setting forth some legal reason for setting aside a conviction. The appellant had ample time from April until the July term of the circuit court in which to employ counsel, and had time between the hours of the sitting of the court during the term, in which to employ an attorney; or, if he had applied for permission, and asked that his case be deferred until he could make arrangements, perhaps the court would have granted him this privilege. It was his duty, and diligence required him to prepare for his defense before the call of his case, and it was his duty to be on hand when his case was called unless some overruling necessity prevented him. If the trial is to be set aside for the reasons assigned here, there would certainly be no end to proceedings in court. There is no showing made anyway that would convince the court that there was any probability that any other result would be reached in the case had it been tried anew.

REED, J., delivered the opinion of the court.

The appellant appealed to the circuit court from a conviction in a justice of the peace court for the unlawful sale of intoxicating liquors. He appeared in the court on Monday, Tuesday, and Wednesday. On Thursday he appeared in court, but without obtaining leave of court he left the courtroom, and while gone for something over an hour his case was called, and upon trial thereof he was convicted. He claims to have left the court room for the purpose of attending to certain business. A motion was pre-

sented to set aside the verdict, because the case was tried in his absence.

The appellant should have been in court when his case was called. His case was on the docket for trial. The court, at its discretion, could try the case when it was called, whether appellant was present or not. Section 1495, Code 1906. We refer to the case of *Durden* v. *State*, 59 South. 844, for a recent discussion of this court regarding the necessity of appellant remaining in court, so as to be ready to personally respond whenever his case is called for hearing. The case appears to have been fairly tried.

*Affirmed.*