## WOODS *v.* CITY OF TUPELO.

[72 South. 879.]

CRIMINAL LAW. *Presence of accused. Reception of verdict.*

Where in a prosecution for the unlawful sale of intoxicating liquors, after the jury had retired and before their return the court adjourned until the following day, until which time all parties and witnesses were discharged and after adjournment and after accused had left the court room, the jury notified the court that they were ready to report and the court without notice to accused or his counsel received the verdict, finding defendant "guilty as charged." In such case the court's action was reversible error, since it denied accused his constitutional right to be present at every stage of the trial.

APPEAL from the circuit court of Lee county.
HON. CLAUDE CLAYTON, Judge.

Sarah Woods was convicted of unlawful retailing of intoxicating liquor and appeals.

The facts are fully stated in the opinion of the court.

*Geo. T. Mitchell,* for appellant.

*C. P. Long,* for appellee.

COOK, P. J., delivered the opinion of the court.

Appellant was tried in the circuit court of Lee county upon a charge that she had unlawfully sold beer within the corporate limits of the city of Tupelo. After the evidence was introduced, the instructions of the court were read to the jury, and counsel for the prosecution and for the defendant completed their arguments, and the jury retired to consider their verdict. Before the jury had reported their verdict, the court, at four o'clock p. m., announced from the bench that the court would be adjourned until eight thirty o'clock the following morning. The sheriff then announced in

open court that all parties and witnesses were discharged until eight thirty o'clock the following morning. After the adjournment of the court, and after appellant and her attorneys had left the courtroom, the jury notified the court that they were ready to report, whereupon the court, without giving any notice to the defendant or her counsel, received the verdict of the jury finding the defendant guilty as charged. On the following morning, when the court convened, a bill of exception was presented to the presiding judge, embodying the above facts, which was signed by the judge. Defendant also made a motion to arrest the judgment, based on the facts above stated, which motion was overruled by the court. A motion for a new trial was made and overruled, and the court imposed a fine of one hundred dollars and sentenced the defendant to confinement in the county jail for a term of thirty days.

In our opinion the court erred. The defendant, by the affirmative act of the court, was denied her constitutional right to be present at every stage of her trial. It may be said that the verdict of the jury was the important event of the trial, and concerned the defendant more than all of the precedent proceedings.

The argument is made that the defendant was not prejudiced by the error of the court. This is a stock argument, so often repudiated by this court that we deem it unnecessary to comment upon it in this case.

True, the defendant was on bond, but it is clear that she had not forfeited her bond by voluntarily absenting herself; on the contrary, she was absent by the express permission of the court.

In *Garman* v. *State*, 66 Miss. 196, 5 So. 385, is announced the rule and its application.

*Reversed and remanded.*

STEVENS, J. (dissenting). The record in this case affirmatively shows that the city of Tupelo introduced sufficient evidence to warrant the jury in finding be-

yond every reasonable doubt that the defendant was guilty of the misdemeanor here charged. The defendant offered no testimony whatever, and therefore I presume she has no defense on the facts. The jury reached the only verdict which, under the law and facts of this case, would have been proper. This verdict, it is true, was returned into court in the absence of both the accused and her counsel. I am perfectly willing to concede that the defendant had a right to be present, and this right the court could not willfully or arbitrarily deny to her. In this case, however, the circuit court, after concluding the business of the day and after announcing that all parties and witnesses would be discharged until eight thirty o'clock the following morning, thereafter reconvened his court for the purpose of receiving the verdict of the jury then deliberating upon this case. When the learned circuit judge adjourned his court, he, of course, had no intention of denying and did not thereby necessarily deny, this defendant of her privilege to tarry and determine for herself whether the jury would report. The record shows that the adjournment for the day was taken at four o'clock p. m. and, without lingering to determine whether the jury would report, the accused left for her home, and the circuit judge did the very natural and humane thing of accepting this verdict in the absence of the accused, rather than keep the jury locked up overnight. The defendant in this case does not say by her bill of exceptions that she desired or intended to poll the jury, and she does not by this appeal attempt to challenge or impeach the verdict; that is to say, she does not even now contend that the verdict as returned was not the unanimous verdict of the jury. She simply relies upon the technical proposition that she was not present when the verdict was returned, and this irregularity my Brethren have dignified by classing it as a fatal and reversible error. To this I cannot assent. It must be borne in mind

that this is a misdemeanor case and not a felony. In such cases the weight of authority sustains the view that the presence of the defendant at the reception of the verdict is not necessary. "In prosecutions for misdemeanor the weight of authority· seems to be that it is not necessary that the defendant should be ·personally present at the reception of the verdict." Encl. of Plead. & Prac. vol. 22, p. 928, and the authorities cited in the footnote. The case is altogether different from that of *Garman* v. *State,* 66 Miss. 196, 5 So. 385, relied upon in the majority opinion. In the Garman Case the accused was denied the right to be present during the trial simply because he was a witness in the case. In that case the court denied the accused the constitutional right of being confronted by the witnesses against him, as also the right to conduct. his defense. In *Price* v. *State,* 36 Miss. 531, 72 Am. Dec. 195, our court on this point said:

"The right of the defendant to be present, proceeds upon the presumption that he is in custody, and has no power to be present, unless ordered by the court to be brought into court. But, under our law, he may waive that right. If he is not in custody, so as to be deprived of the power to attend, it would seem that the reason of the rule as to his right to be present would fail; for he is voluntarily absent when he ought to be present, and cannot complain of the consequence of his own voluntary act. His voluntary absence must be taken to be a waiver of his right to be present. . . . Hence, though the· verdict in his absence was irregular, so far as his being present, and in the power of the court, to submit to its judgment, yet no prejudice was done to his rights, and he can take no benefit from his own illegal act."

So said our court in a felony case, and there is a vast difference between misdemeanors and felonies. The right of the accused to be present at the reception of a verdict in a misdemeanor case is certainly not a

constitutional right. Our court has held squarely that
it is not a constitutional right even in a felony case,
for this court, speaking through WHITFIELD, Chief
Justice, in *Sherrod* v. *State,* 93 Miss. 774, 47 So. 554,
20 L. R. A. (N. S.) 509, observes that:

"The right to be present when the verdict is receiv-
ed is not a constitutional right, but a very sacred
legal right, which may, as indicated, be waived under
the conditions stated in the first proposition."

So it is then that even though appellant were denied
the right to be present, this was not the denial of a
right guaranteed by the Constitution, and the court cer-
tainly had jurisdiction to proceed. In this case the
presence of the bond should be regarded as the pres-
ence of the accused. This court has recently held that
the defendant on bond in a misdemeanor case must at-
tend upon the regular term of the court, and that even
though such defendant attended court two or three days
and had temporarily left the courtroom to attend to
business when his case was called, he has no right to
complain at the action of the trial court in proceeding
to the trial of his case. *Williams* v. *State,* 103 Miss.
147, 60 So. 73. My Brethren, I fear, have reversed this
rule by requiring the court to keep up with the defend-
ant in such case instead of requiring the defendant to
keep up with the court. In the case of *State* v. *Shep-
ard,* an early Iowa case reported in 10 Iowa, 126, it
was held that:

"When the defendant, is convicted of an assault and
battery, though charged with a higher offense, his
presence when the verdict is returned is not required."
"In trials for inferior misdemeanors, a verdict may be
given in the absence of the respondent (who was de-
fendant)." *Sawyer* v. *Joiner,* 16 Vt. 499.

The same holding is declared in the early case of
*Warren* v. *State,* 19 Ark, 214, 68 Am. Dec. 214. In the
notes to this last case I find this statement:

"The verdict of a jury in minor offenses or misdemeanors may be rendered and received in the absence of the accused" (citing several authorities).

As a practical proposition this procedure is more reasonable. Any other holding will necessitate twelve tired jurors and their bailiffs to spend many nights in the very uninviting quarters usually prepared for jurors in our courthouses. Take the present case as an illustration. Was it not more consonant with reason and common sense to receive the verdict of the jury in this case and thereby accord to the several jurors the society and shelter of their own homes rather than keep them incarcerated all night in order that a guilty "blind tigress" might have the satisfaction of hearing the report of the jury?

The case is essentially different from that of *Corbin* v. *State,* 99 Miss. 486, 55 So. 43, wherein Judge ANDERSON, speaking for the court, observes that, "The appellant had the constitutional right to be present when tried." In the Corbin Case the court tried the defendant while she was ill and in her absence. Mr. William E. Mikell, a law professor and writer of high standing, makes the following observation in reference to the verdict:

"When the jury is ready to report, they announced the fact to the officer in charge. He informs the court, which is supposed to be always open for the purpose of receiving a verdict, any hour of the day or night, including holidays and Sundays"
—and cites in this connection *State* v. *Atkinson,* 104 La. 570, 29 So. 279; Modern American Law, vol. 3, p. 328. If this be a correct statement—and I think it is—then every defendant on bond should take notice of this fact and place himself in position to cooperate with the circuit judge and officers of the court in receiving the verdict. It is said by HUGHES, District Judge, in *U. S.* v. *Shepherd,* 27 Fed. Cas. 1060 (Fed. Cas. No. 16,-274), 1 Hughes, 520, that:

"The cases cited by prisoner's counsel only go to the extent of ruling that verdicts in trials for felony must be rendered in the presence of the prisoner. They do not invalidate verdicts rendered in the absence of the accused in cases of misdemeanor. . . . The old technicalities of the criminal practice have been gradually discarded, as the necessity for them decreased, and finally ceased; and now, the rules of the criminal practice are as little arbitrary and technical, and as reasonable and just, as they are in civil proceedings."

In the footnotes on page 686 of 12 Cyc. the statement is made that:

"At common law a privy verdict may be given in misdemeanors and in the absence of defendant (Bacon Abr. tit. "Verdict"; 1 Chitty, Cr. L. 636), and by consent of the parties, a verdict may be delivered at the judge's house, although beyond the limits of the county in which the trial was had (1 Chitty, Cr. L. 636)."

But, conceding the right of the defendant to be present and poll the jury, the irregularity in this case was harmless error for which this case should not be reversed. It did not prejudice the rights of the accused. There being, then, no invasion of her constitutional right, and the error assigned under the facts of this case being harmless, this case should be affirmed.