928 So.2d 237 (2006)
Omar Mohamed ALI a/k/a Omar M. Ali, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01816-COA.
Court of Appeals of Mississippi.
May 2, 2006.
James D. Franks, Hernando, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
*238 EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
GRIFFIS, J., for the Court.
¶ 1. The motion for rehearing is granted. The original opinion is withdrawn and this opinion substituted in its place.
¶ 2. In a jury trial in the Circuit Court of Desoto County, Mississippi, Omar Mohamed Ali was found guilty of a third offense of felony DUI. Ali was tried in absentia. The trial judge sentenced Ali to five years in the custody of the Mississippi Department of Corrections with four years suspended. Ali now appeals on the following issues:

STATEMENT OF THE ISSUES
I. DID THE TRIAL COURT ERR IN ALLOWING THE TRIAL OF ALI IN ABSENTIA?
II. DID THE TRIAL COURT ERR IN ADMITTING IRRELEVANT AND UNDULY PREJUDICIAL EVIDENCE OF INTOXILYZER TEST RESULTS WHEN THE INDICTMENT ALLEGED A VIOLATION OF MISSISSIPPI CODE ANNOTATED SECTION 63-11-30(1)(a) AND NOT SECTION 63-11-30(1)(c)?
III. DID THE TRIAL COURT ERR IN OVERRULING ALI'S MOTION FOR A DIRECTED VERDICT?

FACTS
¶ 3. A little past midnight on December 13, 2002, Chris Cline, a patrolman with the Horn Lake Police Department, observed a white GMC Yukon traveling on Highway 302 crossover into the center turn lane four times. Cline pulled the car over and noticed the odor of an intoxicating beverage and the bloodshot eyes of the driver. The man driving was Omar Ali, and when asked to get out of the car the patrolman noticed that Ali was unsteady, having to keep his hand on the car to balance himself.
¶ 4. Ali told Cline he had only consumed a single beer, but Ali failed both field sobriety tests and was placed under arrest. At the police station the officers administered a breath test on Ali using the Intoxilyzer 5000. This test was performed approximately a half hour after the arrest and the result was 0.090%. The legal limit for intoxication is 0.080%.
¶ 5. The indictment alleged Ali violated Mississippi Code Annotated section 63-11-30(1)(a) by operating a motor vehicle while under the influence of intoxicating liquor. This was Ali's third offense under this statute after having twice been convicted in Shelby County, Tennessee for DUI. A jury trial was to be held on July 15, 2003. The morning of trial both Ali and his attorney were present at 8:30 a.m. However, there was a trial that was not completed and they were to return that afternoon to begin their trial. Ali did not return that afternoon and his attorney's motion for continuance was denied. Officer Cline was the sole witness in the case since Ali did not have any witnesses testify for the defense and obviously did not testify on his own behalf. The motions for directed verdict and JNOV made by Ali's attorney were denied.

ANALYSIS

I. DID THE TRIAL COURT ERR IN ALLOWING THE TRIAL OF THE ALI IN ABSENTIA?
¶ 6. The trial of Ali was set to begin at 8:30 a.m. on July 15, 2003. Ali was present at that time but the court requested the parties to come back at 1:00 p.m. because another trial was still under way and would be finished by the afternoon. *239 At 1:30 p.m., Ali still was not present and the prosecutor wished to proceed without him. Ali's attorney made a motion for a continuance which was ultimately denied. In the debate over the issue, the parties established that a statement would be given to the jury in the form of a jury instruction regarding Ali's absence. However, at this time, Ali's attorney believed Ali was merely stuck in traffic on the interstate and would appear in court soon. Ali never reappeared in the courtroom.
¶ 7. There is a long history of precedent for the constitutionality of trial in absentia under Mississippi Code Annotated section 99-17-9 (Rev.2000). See Thomas v. State, 117 Miss. 532, 78 So. 147 (1918); Williams v. State, 103 Miss. 147, 60 So. 73 (1912).
¶ 8. The Mississippi Supreme Court in Jefferson v. State, 807 So.2d 1222(¶ 14) (Miss.2002), carved out an exception, allowing a trial in absentia based on willful, voluntary and deliberate actions by a defendant in avoiding trial.
¶ 9. In Jefferson, Jefferson was present at his arraignment and later at his hearing on November 5, 1999, at which time his trial was set for March 20, 2000. Id. at 1223(¶ 3). On March 1, 2000, defense counsel attempted to reach Jefferson by telephone to prepare for trial, but could not reach him. Id. After many failed attempts to reach Jefferson by phone, on March 13, 2000, defense counsel sent a letter to Jefferson advising him of the trial date and requesting that Jefferson contact him immediately. Id. On March 14, 2000, Jefferson called his attorney and they discussed the case. Id. at 1224(¶ 4). Defense counsel asked Jefferson to meet with him on March 16, 2000, to prepare for trial, however Jefferson failed to appear. Id. On March 19, 2000, defense counsel again unsuccessfully attempted to reach Jefferson by telephone. Id.
¶ 10. Jefferson failed to appear at trial on March 20, 2000. A warrant was issued for his arrest and the matter was continued until the next day. Id. at 1223(¶ 2) Defense counsel attempted to contact Jefferson by telephone, but was unable to reach him. Id. On March 21, 2000, Jefferson again failed to appear at trial and the matter was continued to the next day. Id. Defense counsel again attempted to contact Jefferson but was unsuccessful. Id. When Jefferson failed to appear at trial on March 22, 2000, the trial court found that he had waived his right to be present for trial and allowed the trial to continue in absentia. Id. at 1224(¶ 4).
¶ 11. Here, Ali made all previous court appearances. Ali's trial was originally scheduled for July 8, 2003. He appeared for trial on that date. However, the State was granted a continuance until July 15, 2003, due to the fact that one of its witnesses was unavailable to testify.
¶ 12. On July 15, 2003, Ali appeared for trial at 8:30 a.m. The trial did not begin as scheduled because the State was trying another case which was not yet completed. Ali's counsel told the court that Ali was told to be back to court at 1:00 p.m. for the trial to begin. At 1:00 p.m., Ali's case was called for trial but Ali was not present. At 1:25 p.m. Ali was still not present and defense counsel asked for a continuance. The trial court denied the request for a continuance and found that Ali could not claim he did not know of the 1:00 p.m. trial since he was at the courthouse that morning. The court proceeded with the trial in absentia.
¶ 13. At the hearing on his motion for JNOV or new trial, Ali was given an opportunity to testify and explain why he was not present for the trial. Ali testified:
My lawyer, he never talked to me even two minutes. He tell me I'll call you when it's ready. The thing is ready. I *240 didn't understand him. I said okay. Before that, they never send me any letter. He tell me you have a two. I call his secretary always. I never see him. So the next day they tell me you have eight, which was before that week. He called me around 7:45 morning on 8 morning at my house. So I drive down, and he tell me I'm going to get you another week, which is the 15th. I come 7:55. I was here. I'm going to call you. Go do what you do. I was doing my job. I'm not run. So that's what happened.
Ali's counsel argued that Ali is a Somalian citizen and barely speaks English. He argued that Ali was present at 7:55 a.m. the morning of the trial and counsel instructed Ali to go to work. Counsel was to call him when the case was ready for trial. The State offered no evidence to dispute Ali's testimony.
¶ 14. Pursuant to Jefferson, Ali's trial in absentia was appropriate only if Ali acted willfully, voluntarily, and deliberately to avoid trial by engaging in actions at least as egregious as those committed in Jefferson. We do not find that Ali's actions meet this criteria. Accordingly, we reverse and remand for a new trial.

II. DID THE TRIAL COURT ERR IN ADMITTING IRRELEVANT AND UNDULY PREJUDICIAL EVIDENCE OF INTOXILYZER TEST RESULTS WHEN THE INDICTMENT ALLEGED A VIOLATION OF MISSISSIPPI CODE ANNOTATED SECTION 63-11-30(1)(a) AND NOT SECTION 63-11-30(1)(c)?
¶ 15. It is well settled that "[t]he relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Parker v. State, 606 So.2d 1132, 1136 (Miss.1992); Johnston v. State, 567 So.2d 237, 238 (Miss.1990) (citing Hentz v. State, 542 So.2d 914, 917 (1989)). "Unless the trial judge's discretion is so abused as to be prejudicial to the accused, this Court will not reverse his ruling." Parker, 606 So.2d at 1136.
¶ 16. Mississippi Code Annotated section 63-11-30 (Rev.2004): Regarding the operation of a motor vehicle under influence of alcohol or other impairing substance, provides as follows:
(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; . . . (c) has an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law, or two one-hundredths percent (.02%) or more for persons who are below the legal age to purchase alcoholic beverages under state law, in the person's blood based upon grams of alcohol per one hundred (100) milliliters of blood or grams of alcohol per two hundred ten (210) liters of breath as shown by a chemical analysis of such person's breath, blood or urine administered as authorized by this chapter. . . .
¶ 17. The introduction of the Intoxilyzer result was just one of several pieces of evidence the prosecution used to prove Ali was "under the influence" as required in sub-part (1)(a). Officer Cline testified about the results of two field sobriety tests, the odor of an intoxicating beverage and his initial observation of Ali's driving. When considering the evidence of the Intoxilyzer result in conjunction with the overall proof presented against Ali, it is our opinion that it was not an abuse of the trial court's discretion to admit the evidence.

*241 III. DID THE TRIAL COURT ERR IN OVERRULING ALI'S MOTION FOR DIRECTED VERDICT?
¶ 18. Ali claims that the trial court should have granted a directed verdict because the State failed to prove Ali had been convicted twice by the Tennessee courts of a violation of Mississippi law and the State failed to amend its indictment to conform with the proof. However, when the prosecution admitted certified abstracts of Ali's prior convictions, Ali's counsel was given an opportunity to object to the evidence and said, "I have no objections. Those were provided to me in discovery. That's fine." Clearly, this matter would be procedurally barred.
¶ 19. Ali also argued that he was entitled to a directed verdict because the State did not have an expert testify regarding the results of the Intoxilyzer test. Since we remand this case for a new trial, any error on this issue in the previous trial is not outcome determinative. Hence, we will not address it at this time.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.