SMITH *v.* STATE.

(In Banc.  Nov. 11, 1940.  Suggestion of Error Overruled, Dec. 9, 1940.)

[198 So. 562.  No. 34319.]

**John B. Higgins** and **L. K. Ramsey**, both of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

Argued orally by **John B. Higgins**, for appellant, and by **W. D. Conn, Jr.**, for the appellee.

**Griffith, J.**, delivered the opinion of the court.

We find no reversible error in this record, and consider that the only point which requires discussion is the complaint made by appellant as regards the manner in which the trial jury was impaneled.

It has been difficult to determine from the record the precise manner in which this was done, but the following outline of it will be sufficient. There was a special venire and the trial judge first called the entire venire to the bar and inquired as to the general qualifications of the members. To each of those found to possess the general qualifications required of jurors and who had no valid excuses to offer, there was given a number, and thereupon twelve men were called to the box and six additional were placed in chairs in front of the box, making eighteen in all. The trial judge then proceeded to the proper inquiries upon the question whether any one or more of the eighteen were disqualified to sit in the particular case about to be put on trial, that is to say, whether any or more of the eighteen were subject to challenge for cause. Those found to be disqualified for cause were excused and from the others on the venire a sufficient number was called to restore the entire number to eighteen, and the inquiry was repeated as to them, and so on until the judge had placed before the parties eighteen men who were qualified to try the case, so far as revealed by the inquiries conducted by the trial judge.

This being done, the judge turned over the eighteen, first to the State, and then to the defendant for further

inquiry and questioning as regards the issues of challenges for cause; and finally when all inquiries as to cause had been made by both sides and all sustainable challenges for cause had been sustained, twelve men according to their respective numbers were left in or transferred to the jury box, and were then tendered to the State for the exercise of such peremptory challenges as the State desired to make. To supply the places vacated by the State's peremptory challenges, others from among those already found qualified as against challenges for cause were called, and when the State had accepted a full panel of twelve men, this panel was tendered to the defendant for the exercise of his peremptory challenges, and the places of those challenged by the defendant were filled from among those already found to be qualified, and these were then tendered to the State for its further peremptory challenges as to them, and when the panel was again completed with twelve men accepted by the State, the new men were then made subject to peremptory challenge by the defendant; and this process was continued until a full jury of twelve was accepted by both sides.

It will be observed that the inquiries as to challenges for cause were required by the trial judge to be directed to those among eighteen men, whereas, according to appellant's contention, the parties at no time should have been confronted with more than twelve. Inasmuch as the right to challenge for cause is without limit as to number so long as the cause therefor is sufficient, we see no valid objection to the presentation by the court before the parties of eighteen or twenty men, or more, who have been found generally qualified, and who in that presentation are presented for the purpose of inquiry as to their competency or incompetency for cause, provided that when later the parties shall be called on to exercise their peremptory challenges no more than twelve men shall at any one time be then presented. The method or manner

followed in the present case did not operate to the disadvantage or embarrassment of the defendant in the exercise of his right of peremptory challenge but rather to his advantage in that he could know in that exercise more certainly who would be called to take the places of those whom he would challenge, namely, that the places would be filled from among those already found to be qualified as to cause, if and so long as there remained enough of those so found to be qualified, after which new men would have to be called, and this latter would be true had the whole procedure been confined throughout to a presentation of twelve men at a time and no more.

Affirmed.

### Separate Opinion.

**Smith, C. J.**, delivered a separate opinion.

The requirement of Section 1277, Code 1930, that "all peremptory challenges by the state shall be made before the juror is presented to the prisoner" was here violated. This provision of the statute, however, is not mandatory under Section 2064, Code 1930, but "directory merely." While I think it would be better for trial courts to follow the statutory directions for empannelling juries, nevertheless only a party who is prejudiced by not so doing can complain thereat; and this record does not disclose that the appellant's right to a fair and impartial jury was in any way impaired by the procedure followed in the court below.