## HOLLIS *v.* STATE.

No. 39222          October 4, 1954          74 So. 2d 747

*Frank F. Mize,* Forest, for appellant.

678

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

On an indictment for grand larceny, Otis Hollis, jointly indicted with two others, Hubert White and W. E. Ealey, was found guilty and was sentenced to serve a term of two and one-half years in the state penitentiary. From the judgment entered thereon he appealed.

Without attempting to detail the evidence, it is enough to say that the State's proof was sufficient to show these facts: Hollis was present when the bull was roped. He followed along to the place where the animal was killed with a sledge-hammer. He helped to load the dead animal in car. He was present when the animal was dressed and again helped to load it in the car. He rode in the car, with his co-indictees, to one place where a part of the beef was sold, and to another place where a part of it

was given away. Thereafter, for sometime he continued to ride in the car with his co-indictees and the balance of the meat.

In other words, he was present at the taking and participated in the asportation. Practically all of the night of the larceny, he was in the company of his co-indictees. Consequently he was an accessory. Section 1995, Code 1942; Hardy v. State, 180 Miss. 336, 177 So. 911; McCoy v. State, 91 Miss. 257, 44 So. 814. There were several occasions when he could have left the scene; and, in view of his greater stature, the jury was well warranted in rejecting his claim that he was present because of threats against him by Ealey. The verdict was not against the great weight of the evidence, and the motion for a new trial on that ground was properly overruled.

The selection of the jury was after this manner: The trial judge placed the jurors, composing juries number 1, number 2, and four men of jury number 3, twenty-eight in all, in one array, and questioned them touching their qualifications and competency. The defendant objected to this procedure, and contended that twelve prospective jurors only should be examined and submitted for interrogation. The court overruled this objection, and explained that the State, and then the defendant, should question all of the jurors concerning their qualifications and competency. When these examinations had been completed, and challenges for cause had been passed on, the remaining function would be the exercise of peremptory challenges. Thereupon the defendant and counsel would have their separate conferences and meet the judge in the rear of the courtroom for that purpose. Commencing with the first qualified juror on jury number 1, twelve jurors, in numerical order would be submitted to the State. If the State exercised any peremptory challenges, replacements in numerical order would be made from the list until the State accepted twelve

jurors. Those jurors would then be tendered to the defendant. If he exercised any peremptory challenges, replacements would be made in regular order from the list, and those replacements would then be passed on by the State. This procedure would be carried out until a jury should be finally accepted by both sides. At all times, when the defendant should be called upon to exercise peremptory challenges, he would have a full panel of twelve jurors first presented to him, after acceptance by the State, in conformity with Section 2520, Code of 1942.

Counsel for the State then questioned the jurors concerning their qualifications and competency, but the defendant declined to do so. The court then directed the defendant and counsel to have their separate conferences with respect to the exercise of peremptory challenges, and informed them that he would meet them in the rear of the courtroom for that purpose. Defendant declined to have any conference, or to participate in such conference with the judge and counsel for the State. Counsel for the State then, in open court, accepted the first twelve jurors in the array. Whereupon the court tendered this panel to the defendant in open court; but he declined to exercise any peremptory challenges or to accept the jury. The court then declared these twelve men to be impaneled as the jury.

The appellant contends that he was entitled to have a jury of twelve men tendered to him in the box, in open court, and that it was error to require him to exercise peremptory challenges out of the presence of the jury, in a secret conference in the rear of the courtroom.

But after acceptance by the State in open court of the first twelve jurors, that panel, the number for which the defendant had contended, was tendered to him. He did not then question the jurors, or seek to do so, in accordance with his contention, but declined either to

exercise challenges or to accept the jury. Consequently, he is now in no position to complain of error.

Smith v. State, 190 Miss. 24, 198 So. 562, is authority for the right and power of the court to qualify more than twelve jurors at the time. But the exercise of peremptory challenges other than at the bar was not involved.

■■■ Section 26, Constitution of 1890, requires that, in criminal prosecutions, the accused shall have a right to a speedy and "public trial." That kind of trial is not consonant with secrecy of any kind. The detailed examination of twenty-eight prospective jurors might consume as much or more time than the age-old practice. Hence, it is unlikely that this mode of selection would result in the saving of time. It would forestall resentment on the part of jurors against attorneys because of peremptory challenges after such jurors have qualified and given assurance that they will try the cause fairly and impartially, according to the law and the evidence; and no doubt such a result is earnestly desired by trial lawyers. But the sanctity of the public trial must be kept in mind. It is not inconceivable that a defendant or counsel might be influenced by expediency, or otherwise, in the exercise of peremptory challenges, if this is required to be done outside the courtroom, or outside the presence of the jury and the public, or under secret or quasi secret circumstances. In order to comply with the constitutional mandate of a public trial, peremptory challenges should be exercised at the bar, in open court.

For the reason stated, the cause is affirmed.

Affirmed.

All Justices concur.