BRISTER v. STATE

No. 40609 October 28, 1957 97 So. 2d 654

*McClaren & McMillan,* McComb, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

GILLESPIE, J.

Appellant was indicted and tried for murder, and convicted of manslaughter. He contends that his constitutional right to be present during every material and important step in his trial was denied in that he was not present when the judge and the attorneys retired to an anteroom to challenge the jurors.

Upon the case being called, the parties announced ready for trial, and appellant, who was on bond, was called forward and took his seat within the bar in a chair designated by his counsel. Appellant kept his seat in the presence of the court and jury while the entire special venire was examined on voir dire, after which the judge and all the attorneys retired to an anteroom, across a hall from the courtroom, where the attorneys exercised their challenges resulting in the final selection of the jurors. Appellant did not go into the anteroom with the judge and the attorneys. No one told him to do so and no one told him not to do so. His attorneys did not think about it at all until twelve jurors had been selected, after which they made a motion for a mistrial. After the motion was overruled, appellant went to the room and was present when the thirteenth (alternate ) juror was selected. There is no showing whatever that appellant was in any way prejudiced by not being present when the challenges were exercised, or that he did not have all the opportunity he or his attorneys desired to confer after completion of the voir dire and before the jurors were challenged. It also appears that appellant sat in the courtroom in the presence of the pros-

pective jurors while the challenges were being exercised in the anteroom.

■■ ■ Since the absence of appellant from the anteroom was voluntary, the right to be present during that particular phase of the trial was waived. Sec. 2519, Mississippi Code of 1942; Williams v. State, 103 Miss. 147, 60 So. 73; Thomas v. State, 117 Miss. 532, 78 So. 147; Ford v. State, 170 Miss. 459, 155 So. 220; Hamburg v. State, 203 Miss. 565, 35 So. 2d 324; Sims v. State, 209 Miss. 545, 47 So. 2d 849. The cases of Sherrod v. State, 93 Miss. 774, 47 So. 554; Warfield v. State, 96 Miss. 170 50 So. 561, and Watkins v. State, 110 Miss. 438, 70 So. 457, were overruled by Ford v. State, supra.

The judge observed that the defendant did not go to the anteroom and did not consider it necessary to require him to do so. No prejudice was alleged or shown. It appears that appellant received a fair and impartial trial. The voluntary absence of appellant from the anteroom when the jurors were challenged did not constitute reversible error.

Appellant requested the following instruction:

"If the evidence shows that the deceased was a much larger and stronger man than the defendant, and was capable of inflicting great and serious bodily harm upon the defendant with his hands and a bottle, or either, and that the defendant had reason to believe and did believe as a man of ordinary reason that he was then and there in danger of such harm at the hands of the deceased, and used his knife, with which he fatally cut the deceased, to protect himself from such harm, then the defendant was justified, and your verdict will be 'not guilty', even though the deceased was not armed."

The court refused the instruction as requested, but added the following notation thereon: "If this instruction had begun 'The court instructs the jury for the defendant that if you believe from the evidence that the

deceased was a much larger and stronger man,' etc.— the instruction would have been given." .

The appellant elected to stand on the instruction as requested and did not accept the suggested modification.

According to the State's theory, appellant stabbed deceased without justification, and the testimony for the State sustained this theory. Appellant's theory was that he acted in self defense when he fatally stabbed deceased, and he offered proof to sustain his claim of self defense. The testimony of the witnesses for the State and the defendant was that deceased was 24 years old, weighing from 185 to 190 pounds, and a stronger man than appellant, who was 31 years old, weighing 142 pounds. One of the State's witnesses stated that the deceased weighed about 180 pounds and that "he wasn't so much bigger (than appellant), but he was taller."

The instruction as requested was properly refused. It is not what the evidence shows that the jury should act upon, but what it believes from the evidence. The "evidence shows" all of the facts mentioned in the instruction because there was some evidence tending to prove such facts; but the jury does not have to believe what the "evidence shows" where there is evidence to the contrary, as was the case here. It is true that the weight of the evidence was that deceased was a much larger and stronger man than appellant, but it might have believed the witness who testified that deceased was not much larger than appellant. Whether appellant had reason and did believe that he was in danger, and whether he used his knife to protect himself, was a question for the jury on sharply conflicting evidence. The instruction should have begun as suggested by the court.

Appellant contends that the exact instruction, except for one word, was approved by this Court in Moore v. State, 144 Miss. 649, 110 So. 216, and that the instruction appears in Section 4371, Mississippi Jury Instructions, Alexander. We do not understand that this Court has

ever approved this instruction. In Hill v. State, 94 Miss. 391, 49 So. 145, the evidence showed disparity in age, size and strength between the deceased and the defendant, and the court granted the State an instruction which told the jury, ''Without qualification or modification of any kind, that the great bodily harm which the law contemplates never can be, under any circumstances, such as may be inflicted by mere blows of the hands and feet.'' The instruction was palpably erroneous, and was so held. The Court set out in the opinion two instructions refused the defendant in that case, one of which was substantially the same as the refused instruction in the case now before us. The Court said that the granting to the State of the erroneous instruction, coupled with the refusal of the two instructions requested by defendant, was fatal error. This was not an approval of the instructions requested by defendant, but the Court seems to have meant that the giving of the refused instructions would have cured the error in the State's instruction.

In Moore v. State, supra, the defendant appealed, complaining of an instruction given the State. The Court set out certain instructions granted the defendant, including one identical with the one refused appellant in the case before us, except for one word, in order to show that the State's instruction was not erroneous when the instructions were read together. In that case, the Court could not have passed upon the correctness of the defendant's instructions. The giving of the defendant's instructions were not at issue in the case.

 Appellant received fifteen instructions, including several amply setting forth his theory of self defense. His failure to secure an instruction on the disparity in age, size and strength between deceased and appellant was brought about by his refusal to accept the court's suggested modification. Appellant may not complain.

These being the only errors argued, the case is affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.