314 So.2d 724 (1975)
Ella Marie PETERS
v.
STATE of Mississippi.
No. 48432.
Supreme Court of Mississippi.
May 5, 1975.
Rehearing Denied July 14, 1975.
*725 Charles R. Holladay, Picayune, for appellant.
A.F. Summer, Atty. Gen., by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, INZER and WALKER, JJ.
RODGERS, Presiding Justice:
The appellant was indicted and tried in the Circuit Court of Pearl River County, Mississippi, on a charge of murder. The jury returned a verdict of manslaughter, and the defendant was sentenced to serve a term of twenty (20) years in the state penitentiary. *726 She has appealed to this Court and now complains that she did not get a fair trial in the circuit court for several reasons, one of which merits discussion as follows: The court erred in denying defendant's motion to pick the jury and to excuse jurors for cause or by peremptory challenge in open court.
The testimony in this case is in serious conflict, but a careful review of the record indicates that the defendant was living with and said to be the wife of one Ed Peters. On the morning of December 8, 1973, the defendant went to work, but along about nine o'clock, Ed Peters appeared and slapped his wife, the defendant, and took her to their home across the street. During the rest of the day he had abused her and beat her so that it was necessary at one time to take her to the hospital. She tried to leave him sometime near 9:00 P.M., but Ed Peters would not let her go. He tried to get her to go to bed with him, but she refused. Later, she shot him with a shotgun. She then went for help. The officers were called, and when they came, she told them that she shot him and that they were playing with the gun. The officers took pictures of the deceased indicating that he was shot in bed with the cover pulled over him. The officers found powder burns on the bed covers.
The defendant contended at first that the shooting was an accident, but the thrust of her appeal is based on self-defense.
Before the trial began, the defendant through her attorney, made a motion in which she requested that the court require the state to "pick the jury" in open court; that the defendant be allowed to question each individual juror; that the state first present the defendant twelve (12) qualified jurors, and further that the state be required to challenge the jurors in open court.
The trial court overruled this motion and stated that the court would be governed by Rule 13 of the Uniform Rules of the Circuit Court [hereto attached as Appendix 1].
The appellant cited Hollis v. State, 221 Miss. 677, 74 So.2d 747 (1954), wherein the Court said: "In order to comply with the constitutional mandate of a public trial, peremptory challenges should be exercised at the bar, in open court." 221 Miss. at 681, 74 So.2d at 749.
The trial courts have the authority and power to establish reasonable rules to expedite the business of the court. See Miss. Code Ann. § 9-1-29 (1972). See also Southern Pacific Lumber Co. v. Reynolds, 206 So.2d 334 (Miss. 1968).
The method of selecting a jury is ordinarily within the sound judicial discretion of the trial judge, except in those circumstances where the jury selection method is set forth by statute. See Miss. Code Ann. §§ 13-5-1 to -95 (1972) and (Supp. 1974) (pertaining to Juries). This authority has been ratified by the legislature wherein the legislature has said:
"All the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory merely, and a jury listed, drawn, summoned or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn, and it shall have the power to perform all the duties devolving on the jury." Miss. Code Ann. § 13-5-87 (1972).
The trial judge overruled the motion and made the following statement in the record:
"This motion moves the Court to have the jury picked in open court and to require the State to present to the defendant in open court twelve jurors in the box and that the defendant be allowed to question each individual juror for cause in open court and all motions to excuse *727 for cause and peremptory challenges be done in open court.
This Court follows the procedure that is set forth in rule (13), Uniform Rules for the Circuit Courts of Mississippi, by order dated the 25th of March, 1971 signed by Honorable Vernon H. Broom then the Circuit Court Judge of the 15th Judicial District; that this procedure allows voir dire of the entire panel at one time said questions being directed to the special venire as well as to the regular jury; that attorneys are allowed to question individual jurors on any response made by said juror in order to show sufficient reason to excuse said juror for cause; that after the voir dire examination has been completed the Court, the district attorney, the county attorney, the attorneys for the defendant and the defendant meet in the Judge's chambers and all persons requested to be excused for cause are first brought to the Judge's attention; if any further questioning is found to be necessary either side is allowed to place said juror on the witness stand outside the presence of the rest of the jurors and make a record of such questions and answers before the Court rules on whether to excuse said juror for cause; that after all challenges have been made for cause the State then tenders to the defendant by beginning with the first name on the special venire twelve jurors; as the defendant exercises their challenges it goes to the State to pass on the next juror, or jurors, in order on the list and to keep tendering to the defendant twelve jurors until through this procedure twelve jurors have been accepted by both sides or the challenges exhausted. This is the procedure this Court has followed under Rule 13 and therefore the motion numbered 2 is hereby OVERRULED."
It will be noted from the above statement of the trial judge that the defendant was presented with a list of jurors. The parties were required to select the jury after voir dire, or preliminary examination, by interrogating the entire special venire and also the regular jurors for the week in the courtroom at the same time.
The defendant in this case was charged with murder and was entitled to all the procedural and legal rights allowed by statute or under the common law to obtain a fair trial. Two of these rights are expressed in Mississippi Code Annotated (1972).
The pertinent part of Mississippi Code Annotated Section 99-17-3 (1972) is as follows: "In all cases the accused shall have presented to him a full panel before being called upon to make his peremptory challenges." This means that the defendant will have twelve (12) jurors presented to him, who have been accepted as jurors by the State of Mississippi, before he is required to challenge any of the jurors.
Mississippi Code Annotated Section 13-5-69 (1972) gives the attorney for the defendant the right to question the prospective jurors as to cause. This section is in the following language:
"The parties or their attorneys in all jury trials shall have the right to question jurors who are being impaneled with reference to challenges for cause, and for peremptory challenges, and it shall not be necessary to propound the questions through the presiding judge, but they may be asked by the attorneys or by litigants not represented by attorneys."
This means that the attorney has the right to question the jurors for cause after they have been determined to be qualified jurors on voir dire by the court. See Miss. Code Ann. § 13-5-1 (1972). See also Hale v. State, 72 Miss. 140, 16 So. 387 (1894). This does not mean, however, that he may not be required to interrogate the jurors before the state accepts the jury.
This Court had an opportunity to examine the so-called "new" method of selecting *728 a jury in the case of Smith v. State, 190 Miss. 24, 198 So. 562 (1940). In that case this Court detailed the procedure taken by the trial judge. After the panel had been determined to be qualified, this Court pointed out that twelve (12) jurors were seated in the jury box and six (6) chairs were placed before the jury box, and the parties were permitted to question the panel of eighteen (18) for cause. We said:
"[W]e see no valid objection to the presentation by the court before the parties of eighteen or twenty men, or more, who have been found generally qualified, and who in that presentation are presented for the purpose of inquiry as to their competency or incompetency for cause, provided that when later the parties shall be called on to exercise their peremptory challenges no more than twelve men shall at any one time be then presented." 190 Miss. at 27, 198 So. at 563.
We approved this method in Bright v. State, 293 So.2d 818 (Miss. 1974). However, in that case we quoted from 31 Am. Jur. Jury § 136, at 120 (1958), wherein it is said: "`The usual practice, however, is to put those jurors who have been called into the jury box on their voir dire or oath to tell the truth, and then for counsel or the court to question them.'" 293 So.2d at 819.
In the instant case, however, the attorney for the defendant did not offer any evidence on his motion to show that the defendant was handicapped in any manner by the rule requiring him to interrogate the entire panel of special venire and regular jurors out in the courtroom by general questions to the entire venire outside the bar. We cannot, therefore, assume that the trial judge abused his discretion in impaneling a jury. On the other hand, it is apparent that where there are many jurors, the attorneys may be handicapped in an effort to see and interrogate many jurors at once in an unwieldy and uncontrollable situation. Since there is no proof on the motion, this assignment of error is untenable.
We find no fault with Circuit Court Rule 13 requiring general questions to be directed to the entire group of jurors presented, so long as the defendant is given a fair opportunity to ask questions of individual jurors which may enable the defendant to determine his right to challenge a juror.
The trial judge has the right to exercise judicial discretion in this regard. Bright v. State, supra; 31 Am.Jur. Jury § 138, at 120-21 (1958).
The defendant argues on appeal that she should not have been required to go into chambers to challenge the jurors, and that the district attorney should have been required to announce the names of each juror challenged by the state in open court.
This argument is based upon the theory that unless the parties are required to announce the names of the jurors rejected, that the case is not being heard in "open court," and this method of procedure was in violation of Mississippi Constitution Section 26.
In Brister v. State, 231 Miss. 722, 97 So.2d 654 (1957), we held that the absence of the defendant from the anteroom during the time while the parties were exercising their jury challenge was not an error, since the defendant waived his right to be present.
In Myers v. State, Miss., 268 So.2d 353 (1972), we again pointed out that it was not a reversible error for the defendant to be absent during the discussion as to jury challenges in an anteroom. We said: "It appears that appellant received a fair and impartial trial." 268 So.2d at 358.
It seems to us that it is not only proper, but it is a much better system for the trial court to conduct the discussion as to the jury challenges in an anteroom. The trial court can hear the argument as to challenge *729 for cause with more latitude. Moreover, it is usually inconvenient, if not an actual burden, for jurors to be required to do their duty as citizens to serve on a jury. They are summoned from their vocations, often at a financial loss, and are required to perform the distasteful task of passing upon the rights of their fellow citizens. It is not necessary for the attorneys to call their individual names in public and to advise them that they are not wanted as jurors. It is far better for the trial judge to announce the names of the jurors selected rather than the names of the jurors rejected.
Selecting the jury in the anteroom in the presence of the defendant is not an error; nor is it an error for the trial judge to announce in open court the names of the jurors selected to hear the case.
We hold that since there is no evidence in the record on the motion to indicate that the defendant was handicapped in any particular by the procedure followed in the instant case, and the evidence offered by the state is sufficient to sustain a verdict of guilty, we hold that the judgment of the trial court should be and the same is hereby affirmed. This case was considered by a conference of justices en banc.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.

APPENDIX 1
"RULE 13. Voir Dire Examination of Jurors. In the voir dire examination of jurors the attorney shall direct his questions to the entire panel and shall be permitted to examine an individual juror only when the answer to the question propounded to the entire panel makes such separate examination proper, or for good cause stated by counsel to the court. The attorney shall not propound hypothetical questions that would tie the jury down to a finding a particular verdict in a hypothetical situation. In civil cases the voir dire examination shall be limited to fifteen minutes." Rule 13, Uniform Rules for the Circuit Courts of Mississippi.