McMILLIN, C.J.,
dissenting:
¶ 26.1 respectfully dissent. The instruction on self-defense as given was proper since it conformed to the evidence. The majority opinion confirms that the defendant testified that she “feared for her life, and that of her son .... ” (emphasis supplied.) While the majority may harbor little doubt that the evidence would have supported a further instruction that a killing may be justified if it occurred in the legitimate defense of another person, that nevertheless poses a different question from whether a self-defense instruction was appropriate. The trial court could properly rule on the propriety of a “defense of another” instruction only if an instruction embodying that alternate legal defense were requested. The defense made no such request.
¶ 27. Manuel v. State, relied upon by the majority, deals with the impropriety of rejecting a requested instruction that was “in improper form” yet “embodied] a legally correct theory of the defendant’s defense.” Manuel v. State, 667 So.2d 590, 593 (Miss.1995). The Manuel decision imposes a duty on the trial court to bring its legal skills to bear on a poorly drawn instruction that attempts to raise a valid defense instead of rejecting it out of hand because of its imperfections. Nothing in Manuel v. State suggests a duty of the trial court to sua sponte instruct on an alternate legal theory of defense simply because that alternate theory could be incorporated into an existing instruction dealing with a somewhat related concept.
¶ 28. The instruction on self-defense given at Guster’s request was not “in improper form” within the meaning of Manuel v. State. To the contrary, it was an entirely correct instruction on the concept of self-defense. The instruction simply failed to include a possible alternate defense suggested by the evidence, i.e., that of lawfully defending another person from imminent bodily harm — a concept that is akin to, but not the same as, self-defense. The failure of the requested instruction to address this alternate defense did not render it improper in form. Defense of another as a justification for this homicide could just as easily have been contained in a separate instruction as incorporated into the self-defense instruction.
¶ 29. The trial court was under no duty to cast about in the law for possible defenses suggested by the evidence and instruct the jury on those alternate defenses on its own motion. Ballenger v. State, 667 So.2d 1242, 1252 (Miss.1995). I would affirm the conviction.
SOUTHWICK, P.J., LEE AND THOMAS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.