BARNES, J.,
 

 for the Court:
 

 ¶ 1. Jamar Moore appeals the Circuit Court of Coahoma County’s judgment convicting him of possession of hydrocodone and sentencing him to sixteen years in the custody of the Mississippi Department of Corrections (MDOC) as a habitual offender. Moore contends that the trial court erred in (1) denying him his theory-of-the-case jury instruction; (2) failing to grant a mistrial when he testified he did not want to return to prison; and (8) subjecting him to cumulative error. Finding no error, we affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In the early afternoon of April 16, 2008, Officers Ricky Bridges, Joseph Wide, Myette Dawson, and Vincent Ramirez, members of the narcotics division of the Clarksdale Police Department, were patrolling Clarksdale, Mississippi, in their unmarked city-owned vehicle. Officer Wide received a call from a reliable confidential informant (Cl) stating that Moore had approximately two ounces of marijuana in his vehicle. Both Moore and the Cl worked at Domino’s Pizza in Clarksdale. The Cl informed Officer Wide that Moore was preparing to leave the store to make a
 
 *544
 
 large pizza delivery to a school. The officers drove to the store and observed Moore loading pizzas into his vehicle. As Moore drove toward the school, the officers followed him and performed a traffic stop when Moore failed to signal a turn. Moore was informed that, in addition to the traffic offense, he had been stopped because a reliable source stated he had marijuana in his vehicle. Once stopped, Officer Bridges approached Moore’s vehicle and noticed the strong odor of marijuana emanating from it. No illegal substances were found in Moore’s vehicle, but two sandwich-like baggies with a green, leafy substance and some pills were found in Moore’s pants. These items proved to be marijuana and eleven tablets of hydro-codone.
 

 ¶3. Officer Wide testified that Moore and the Cl were the only individuals working at Domino’s at the time; so Cedric Bolton, another Domino’s employee and a friend of the Cl, was instructed by the Cl to come and pick up the pizzas in order to deliver them to the school. In the meantime, Moore was transported to the police department, where he offered to work off his charges by becoming a confidential informant. Law enforcement ultimately agreed, and Moore was released without arrest.
 

 ¶ 4. Moore did not adequately assist law enforcement as a Cl; thus, in November 2008, the grand jury of Coahoma County returned a two-count indictment against Moore for possession of hydrocodone and marijuana. The trial court later granted the State’s motion to amend Moore’s indictment to include his status as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007).
 

 ¶ 5. At Moore’s trial, the Cl testified that he became an informant because someone “put the dope on [him]”; so he was working off a charge for possession of marijuana. The Cl testified that he set Moore up by telling him to bring an ounce of marijuana to work the next day, and Moore complied. The Cl called Office Wide to tell him that Moore had the marijuana with him, and approximately fifteen minutes later, Moore was pulled over. The Cl denied planting any drugs in the glove box of Moore’s vehicle.
 

 ¶ 6. The defense’s theory of the case was that the Cl had planted the marijuana on Moore. However, Officers Wide and Dawson testified they did not tell the Cl to plant the marijuana in Moore’s vehicle or pants. Moore testified in his own defense. He claimed that Bolton was at the store helping the Cl make the large order of pizzas. Returning from a delivery, Moore briefly went to the restroom. When he came out, Bolton and the Cl had already loaded most of the pizzas into his vehicle. Moore then proceeded to the school. When law enforcement pulled him over, Moore went to retrieve his insurance card from his glove box; he was surprised to see a bag of marijuana fall out. He also noticed another bag of marijuana “barely pushed up under the passenger’s seat.” Moore claimed that he then put the drugs in his pants in order to hide them from the police. Moore speculates that the Cl put the marijuana in his vehicle. Regarding the hydrocodone pills, Moore admitted possession of them, claiming he would take them occasionally for a back injury due to an accident. However, Moore also admitted that he did not have a prescription for the pills; instead, he obtained the pills from “various places, people.”
 

 ¶ 7. At the end of his trial, Moore submitted a jury instruction on his theory of the case. The State objected, and the trial court denied the jury instruction because it improperly commented on the evidence and stated a theory as a fact.
 

 
 *545
 
 ¶ 8. The jury found Moore guilty of Count I, possession of hydrocodone, but it found him not guilty of Count II, possession of marijuana. At the sentencing hearing, evidence was presented of Moore’s two prior felonies. Accordingly, the trial court sentenced Moore as a habitual offender under section 99-19-81 to the maximum sentence of sixteen years in the custody of the MDOC under Mississippi Code Annotated section 41 — 29—139(c)(1)(C) (Rev.2009), without the possibility of parole or probation. Moore now appeals.
 

 ANALYSIS OF THE ISSUES
 

 1. Jury Instruction
 

 ¶ 9. Moore contends that the trial court erred in denying his theory-of-the-case jury instruction, which reads: “Jamar Moore’s theory of the case is that he would not have been stopped and charged with these offenses if [the Cl] had not put the marijuana in his car and called the police and if you so find you must find Jamar Moore not guilty.” The trial court denied the instruction, finding it improperly commented on the evidence and presented a theory as a fact.
 

 ¶ 10. The standard of review for jury instructions is well established:
 

 Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case, however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.
 

 Austin v. State,
 
 784 So.2d 186, 192 (¶ 18) (Miss.2001). “[I]f the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.”
 
 Williams v. State,
 
 803 So.2d 1159, 1161 (¶ 7) (Miss.2001).
 

 ¶ 11. Moore cites to
 
 Manuel v. State,
 
 667 So.2d 590 (Miss.1995) in support of his argument. In
 
 Manuel,
 
 the Mississippi Supreme Court found reversible error in a homicide case, in part, because the defendant was entitled to a jury instruction on her theory of self-defense; and the trial court improperly failed to put this instruction into proper form.
 
 Id.
 
 at 593. The crux of the issue in
 
 Manuel,
 
 however, was that the trial court denied a theory of the defense instruction because it was peremptory in nature and was the only theory of the defendant’s defense to the jury. Additionally, in
 
 Manuel,
 
 the trial court failed in its duty to make sure the instructions were in the proper form for submission to the jury.
 
 Manuel
 
 also states that while a defendant “is entitled to have an instruction on the theory of [his] defense, that instruction should not single out certain parts of the evidence to the point that it amounts to a comment on the weight of the evidence.”
 
 Id.
 
 (citing
 
 Keys v. State,
 
 635 So.2d 845, 848-49 (Miss.1994)).
 

 ¶ 12. Here, the jury instruction Moore offered on his theory of the case did not include any type of defense; thus, the theory of his case is not relevant. Speculating on whether or not Moore may have been stopped by law enforcement if the Cl had not called the police is not a legal defense. Further, the instruction stresses the notion that the Cl planted the marijuana on Moore, thereby improperly commenting on the weight of the evidence.
 

 ¶ 13. Moore also claims that if his theory-of-the-ease instruction had been given, it would be reasonable to assume he would have been found not guilty of possession of hydrocodone. We disagree. Moore admitted at trial that he had illegally possessed the hydrocodone pills. This admission was sufficient for the jury to find him
 
 *546
 
 guilty of possession of hydrocodone. Therefore, the trial court did not err in denying this jury instruction.
 

 2.
 
 Officer Wide’s Testimonial Remark on Moore’s Prior Conviction
 

 ¶ 14. At Moore’s trial, during the direct examination of Officer Wide by the prosecutor, Officer Wide recounted what had happened on April 16. The following colloquy occurred:
 

 Q. What happened next?
 

 A. We transported Mr. Moore down to the police department.
 

 Q. After you transported Mr. Moore down to the police department, did he say anything to you?
 

 A. Yes, sir. We ... was talking with him, advising him what was going on, and he told us that he had been in trouble and all that and he didn’t want to go back to prison....
 

 Defense counsel promptly objected, requesting that the jury be instructed to disregard the last statement, and moved for a mistrial. The trial judge sustained the objection, granted the requested instruction to the jury, but denied the motion for a mistrial. At the close of evidence, the trial judge also gave the following jury instruction (C — 1), which stated: ‘You should not speculate as to possible answers to questions which the Court did not require to be answered. Further, you should not draw any inference from the content of those questions. You are to disregard all evidence which was excluded by the Court from consideration during the course of the trial.”
 

 ¶ 15. Moore now argues he was prejudiced by this mention of his prior criminal history and should have been granted a mistrial. He also mentions that this “unjustified question” brings up the issue of prosecutorial misconduct.
 

 ¶ 16. “The standard of review for denial of a motion for mistrial is abuse of discretion.”
 
 Dora v. State,
 
 986 So.2d 917, 921 (¶ 8) (Miss.2008). The trial court has “the discretion to determine whether the objectionable comment is so prejudicial that a mistrial should be declared.”
 
 Hampton v. State,
 
 910 So.2d 651, 655 (¶ 9) (Miss.Ct.App.2005) (citing
 
 Edmond v. State,
 
 312 So.2d 702, 706 (Miss.1975)). “Absent unusual circumstances, where objection is sustained to improper questioning or testimony, and the jury is admonished to disregard the question or testimony, we will not find error.”
 
 Hill v. State,
 
 4 So.3d 1063, 1065-66 (¶ 16) (Miss.Ct.App.2009) (quoting
 
 Wright v. State,
 
 540 So.2d 1, 4 (Miss.1989)). Moreover, when the trial court instructs the jury, it is presumed the jury follows the instructions.
 
 Id.
 
 (citing
 
 Puckett v. State,
 
 737 So.2d 322 (¶ 72) (Miss.1999)).
 

 ¶ 17. Here, the trial court admonished the jury to disregard Officer Wide’s testimony and was given a written jury instruction to the same effect. Further, we find no evidence of prosecutorial misconduct. The question was not stated to elicit an objectionable answer; instead, Officer Wide volunteered the information. Accordingly, the trial court did not abuse its discretion in denying Moore’s motion for a mistrial.
 

 3. Cumulative Error
 

 ¶ 18. Finally, Moore argues that even if the above errors standing alone do not constitute reversible error, their cumulative prejudicial effect deprived him of a fair trial; thus, his conviction should be reversed. The Mississippi Supreme Court has held: “Where there is no error in any one of the alleged assignment of errors, there can be no error cumulatively.”
 
 Hughes v. State,
 
 892 So.2d 203, 213 (¶ 29)
 
 *547
 
 (Miss.2004) (citing
 
 Davis v. State,
 
 660 So.2d 1228, 1261 (Miss.1995)). Because there was no individual error here, there can be no cumulative error. This issue is without merit.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF POSSESSION OF HYDROCODONE AND SENTENCE OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AS A HABITUAL OFFENDER WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.