BARNES, J.,
for the Court:
¶ 1. Gregory Antonio Hollins was convicted by a Rankin County Circuit Court jury for the sale of cocaine and sentenced to sixty years in the custody of the Mississippi Department of Corrections (MDOC) as a habitual offender without eligibility for parole or probation. He appeals, and finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Hollins was arrested, and subsequently convicted, after selling cocaine to Jessica Wilson, a confidential informant for the Flowood, Mississippi police department. Wilson was arrested after a traffic stop uncovered drug paraphernalia in her vehicle. In exchange for a reduced sentence, Wilson agreed to be a confidential informant and assist law enforcement in setting up a controlled buy for cocaine. On December 28, 2008, law enforcement placed Wilson in a room at the Airport Inn, where she called someone known to her as “Tefalon,” whom she later identified as Hollins.[1] Wilson told him that she wanted to purchase $200 of cocaine. A short time later, Gene Williams knocked on the door of the motel room to deliver the cocaine. Wilson had never met Williams prior to this exchange; however, after ascertaining that he was there on behalf of Hollins, she gave him the “buy” money, and he gave her what was later determined to be 1.5 grams of cocaine. Williams left and got into the passenger side of a car parked outside the motel. Hollins was in the driver’s seat. Law enforcement, which had been monitoring the situation, immediately arrested both men. A quick search uncovered that Hollins had the “buy” money and marijuana on his person. Additionally, Hollins’s cell phone was recovered; it showed two recent calls from Wilson, the informant.
¶ 3. Hollins and Williams were both indicted on April 23, 2009, for the sale of a controlled substance, cocaine.[2] The indictment was later amended to reflect that Hollins was a habitual offender under Mississippi Code Annotated 99-19-81 and a subsequent drug offender, both of which qualified him for enhanced punishment. A jury trial was held in the Rankin County Circuit Court on August 2-3, 2010, and Hollins was convicted of the sale of cocaine. The circuit court sentenced Hollins to sixty years in the custody of the MDOC as a habitual offender without eligibility for parole or probation. Hollins filed a motion for a new trial or, in the alternative, a motion for a judgment notwithstanding the verdict, which the circuit court denied. Hollins now appeals, citing several assignments of error.
I. Whether the State’s questioning during voir dire constitutes reversible error.
¶4. During voir dire, the State questioned members of the venire as to *239 whether they could follow the instructions of the court regarding what the law said. Specifically, the State was referencing the law as it relates to the elements of accessory to a crime. The prosecutor stated:
MR. EMFINGER: So what I need to know based upon that, is there anybody here that would not be able to follow that law; that is, if the law says that one person can do part of it[,] another person can do the other part of it, as long as one somebody or 15 somebodies, as long as they all join together to commit the act[,] they’re all guilty of that act? Is there anybody that cannot apply that law?
(No responses).
MR. EMFINGER: I’ll ask it another way. If the simple fact is this, Gregory Antonio Hollins did not go to that hotel room and go hand-to-hand with the confidential informant and exchange the cocaine for money, is there anybody here that would say, “If that didn’t happen, I don’t care what the law says, I would not be able to vote guilty?”
Hollins claims that this line of questioning was designed to secure a pledge from the jurors to vote a certain way if a certain set of facts existed and, as such, “was impermissible, misleading, and erroneous.”
¶ 5. Hollins did not object to this questioning at trial. “Generally, a failure to make a contemporaneous objection during trial waives an issue on appeal.” Hampton v. State, 48 So.3d 605, 609 (¶ 12) (Miss.Ct.App.2010) (citing McCain v. State, 971 So.2d 608, 612 (¶7) (Miss.Ct. App.2007)). While Hollins admits that no objection was made, he argues that this Court should review this issue for plain error. “The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice.” Cummings v. State, 58 So.3d 715, 721 (1131) (Miss.Ct.App.2011) (quoting Flora v. State, 925 So.2d 797, 811 (¶ 42) (Miss.2006)). We find nothing to support a review under plain error.
¶ 6. This Court has held:
Under Uniform Rule of Circuit and County Court 3.05, the posing of hypothetical questions to the venire panel during voir dire, which requires a juror to pledge a particular verdict, is prohibited. Specifically, this Court has stated that attorneys are prohibited “from attempting to elicit promises from the jury promising that under a hypothetical set of circumstances, they will return a specific verdict.” Robinson v. State, 726 So.2d 189, 191-92 (¶ 6) (Miss.Ct.App. 1998) (citing West v. State, 553 So.2d 8, 21-22 (Miss.1989)). However, “a hypothetical question does not create per se reversible error where the prosecutor does not ‘specifically request a verdict during voir dire.’” Id. (quoting Holland v. State, 705 So.2d 307, 339 (¶ 116) (Miss.1997)).
Anderson v. State, 1 So.3d 905, 911 (¶ 13) (Miss.Ct.App.2008). In this instance, the State merely posed a hypothetical question regarding the venire’s ability to follow the law as instructed by the circuit court; it never asked the venire to find Hollins guilty.[3] Therefore, we find the State’s line of questioning does not constitute reversible error.
*240 II.Whether the circuit court’s comments prejudiced Hollins.
¶ 7. After the State concluded its case-in-chief, the circuit court proposed a recess for lunch and commented:
And just so you’ll know, I have to leave today at 3:30, so well work around that and, hopefully, you’ll have this case for deliberation and it’ll work out. It may not. But if it doesn’t, I’ll take care of that. So, this case will be concluded today if that helps any of you.
Hollins contends that these comments by the circuit judge “impermissibly pressured the jury to quickly reach a verdict” and “implied that the jury should quickly find Hollins guilty.” Hollins claims that he was prejudiced by the circuit judge’s comments and that they constitute reversible error.
¶ 8. Defense counsel failed to make a contemporaneous objection to these comments; therefore, this issue is waived on appeal. Notwithstanding this waiver, we find no error in the circuit court’s comments. There is nothing to indicate the circuit judge was pressuring the jury to reach a verdict by a certain time. He assured the jury that if they could not reach a decision that afternoon, he would “take care of that.” Our reading of the circuit judge’s comment concerning the conclusion of the case is that the case would be given to the jury for deliberations before the day was over, not that they should return a verdict before then. Furthermore, after the jury returned from its lunch break, Hollins did not present any witnesses on his behalf; the jury had ample time to deliberate that afternoon before rendering its verdict. Accordingly, Hollins’s claim of error concerning the circuit judge’s comments does not warrant reversal.
III. Whether Hollins received ineffective assistance of counsel.
¶ 9. As already noted, defense counsel failed to make contemporaneous objections to the comments discussed in the previous issues. Hollins argues that this failure to object constitutes ineffective assistance of counsel.
¶ 10. To be successful in bringing a claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test enumerated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which states that the defendant must show that “counsel’s performance was deficient and that the deficiency prejudiced the defense of the case.” Simmons v. State, 869 So.2d 995, 1000 (¶ 11) (Miss.2004) (citing Strickland, 466 U.S. at 687,104 S.Ct. 2052).
¶ 11. As the two previous issues presented by Hollins did not constitute reversible error, we find that Hollins’s claim for ineffective assistance of counsel lacks merit because defense counsel’s failure to object did not prejudice Hollins’s defense.
IV. Whether the cumulative effect of errors warrant reversal.
¶ 12. Hollins argues that the cumulative effect of the errors at trial requires reversal. However, as we have found no basis for individual error, we cannot reverse based on cumulative error. See Moore v. State, 64 So.3d 542, 546-47 (¶ 18) (Miss.Ct. App.2011) (citing Hughes v. State, 892 So.2d 203, 213 (¶29) (Miss.2004)). Thus, we find no merit to Hollins’s claim of cumulative error.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY FOR CONVICTION OF SALE OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER OF SIXTY YEARS IN THE CUSTODY OF THE *241 MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. Wilson had known Hollins for approximately one-and-one-half years.

. It was stipulated at trial that Williams pleaded guilty to the sale of cocaine.

. In response to the State’s questions, four members of the venire responded that they would not be able to follow the law and were later struck for cause. Although Hollins claims they should not have been struck based upon the State’s alleged improper questioning, a juror may be struck for cause when he expresses an "inability to follow the law and the court’s instructions!?]” Manning v. State, 735 So.2d 323, 337 (¶ 22) (Miss. 1999).