CARLTON, J.,
for the Court:
¶ 1. An Issaquena County jury convicted Jimmy Pruitt of possession of a cell phone within a correctional facility following a trial in the Issaquena County Circuit Court. The circuit court sentenced Pruitt to ten years in the custody of the Mississippi Department of Corrections (MDOC), with five years suspended and five years to serve, followed by five years of post-release supervision. Aggrieved by the jury verdict and sentence of the circuit court, Pruitt appeals, raising the following assignments of error: (1) the verdict is against the overwhelming weight of the evidence, and (2) the prosecution imper-missibly shifted the burden of proof to Pruitt and expressed personal opinions as to Pruitt’s guilt during its closing argument. Finding no error, we affirm.
FACTS
¶ 2. On April 14, 2011, Officer Annie Johnson, chief of operations at the Is-saquena County Correctional Facility (ICCF), informed security and supervising officers Lieutenant Michael Green and Sergeant Ronald Reed that she believed that Pruitt, an inmate in the facility, possessed a cell phone. Officer Johnson asked the officers to retrieve the phone from Pruitt. The officers located and frisked Pruitt, and while doing so, observed a black cell phone drop out of his pants to the ground. The officers retrieved the phone and gave it to Officer Johnson.
¶ 3. Officer John Hunt from ICCF’s criminal investigation division extracted all of the phone calls, text messages, and pictures sent or received from the phone. Officer Hunt testified that the majority of phone calls and text messages found in the phone were to numbers from a call list of Pruitt’s cellmate, Antonio Anderson. However, a twenty-two minute phone call was also placed to a number on Pruitt’s call list.
¶ 4. A grand jury before the Issaquena County Circuit Court subsequently indicted Pruitt of possessing a cell phone within a correctional facility in violation of Mississippi Code Annotated section 47-5-193 (Supp.2012). Pruitt testified at trial that he never possessed a cell phone in the facility. A jury in the Issaquena County Circuit Court convicted Pruitt of the crime charged. The trial court then sentenced Pruitt to ten years in the custody of the MDOC, with five years suspended and five years to serve, followed by five years of post-release supervision. Pruitt now appeals.
DISCUSSION
I. WEIGHT OF THE EVIDENCE
¶ 5. Pruitt argues that the verdict is against the overwhelming weight of the *809 evidence. He asserts that the overwhelming weight of the evidence indicates that the State failed to prove beyond a reasonable doubt that Pruitt possessed the cell phone confiscated in the correctional facility.
¶ 6. Appellate courts review a trial court’s decision to deny a motion for a new trial utilizing an abuse-of-discretion standard of review. Simpson v. State, 993 So.2d 400, 410 (¶ 35) (Miss.Ct.App.2008). When considering a challenge to the weight of the evidence, the verdict will only be disturbed “when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). See URCCC 10.05.
¶ 7. A jury before the Issaquena County Circuit Court convicted Pruitt under Mississippi Code Annotated section 47-5-193, which states that “[i]t is unlawful for any ... person or offender to possess, furnish, attempt to furnish, or assist in furnishing to any offender confined in this state any ... cell phone.... ” Sergeant Reed and Lieutenant Green testified that they received instructions from Officer Johnson to confiscate a cell phone in Pruitt’s possession. After entering Pruitt’s cell, Sergeant Reed conducted a search of Pruitt while Lieutenant Green observed. Both officers testified that while frisking Pruitt, they observed a black cell phone fall out of Pruitt’s pants to the floor. Officer Reed retrieved the phone. Testimony also revealed that a twenty-two minute phone call was placed from the phone to one of Pruitt’s family members.
¶ 8. While Pruitt’s testimony contradicts the evidence presented by the State, we have held that “the jury is the sole judge of the weight of the evidence and the credibility of the witnesses.” Johnson v. State, 101 So.3d 717, 723 (¶ 23) (Miss.Ct. App.2012). “Conflicts in the evidence are for the jury to resolve.” Id: After reviewing the record, we find that the overwhelming weight of the evidence supports the jury’s verdict. This issue is without merit.
II. CLOSING ARGUMENTS
¶ 9. Pruitt argues that the State’s closing argument impermissibly shifted the burden of proof from the State to Pruitt and improperly offered personal opinions on Pruitt’s guilt. Specifically, Pruitt claims that the State made the following remarks in closing arguments: (1) Pruitt had to give some type of defense and had to give some kind of reason why he did not have possession of the cell phone, and (2) Pruitt was guilty beyond a reasonable doubt and if the evidence that the State provided was not beyond a reasonable doubt, nothing is.
¶ 10. The record shows that Pruitt failed to make a contemporaneous objection during the State’s closing argument. The failure to make a contemporaneous objection waives an issue for purposes of appeal. Hollins v. State, 99 So.3d 237, 239 (¶ 5) (Miss.Ct.App.2012). As such, this issue is waived from our review on appeal.
¶ 11. Notwithstanding the procedural bar, we find no merit to Pruitt’s argument. “The purpose of a closing argument is to fairly sum up the evidence and to point out those facts presented by the [S]tate on which the prosecution contends a verdict of guilty would be proper.” Sheppard v. State, 777 So.2d 659, 661 (¶ 7) (Miss.2000). Attorneys are permitted “wide latitude in arguing their cases to the jury.” Id.
¶ 12. “The State is entitled to comment on the lack of any defense, and such *810 comment will not be construed as a reference to the defendant’s failure to testify by innuendo and insinuation.” Crutcher v. State, 68 So.3d 724, 728 (¶ 6) (Miss.Ct.App.2011). Here, Pruitt testified at trial; therefore, the State’s comments were not in reference to his right not to testify. Additionally, this Court has stated that “it is wholly permissible for a prosecutor to comment upon the weight and sufficiency of the evidence presented by the State.” Whitlock v. State, 941 So.2d 843, 846 (¶ 9) (Miss.Ct.App.2006).
¶ 13. Lastly, we recognize that even if a prosecutor makes an erroneous comment, it is deemed harmless beyond a reasonable doubt if “the evidence of guilt is so overwhelming that the jury would have returned a guilty verdict in spite of the prosecutor’s comment.” Crutcher, 68 So.3d at 728 (¶ 6). As stated, two correctional officers testified that they observed the cell phone drop from Pruitt’s pants to the floor during the search. Thus, even if the prosecutor’s statements were erroneous, we deem the comments harmless because the evidence is overwhelming against Pruitt. This issue is without merit.
¶ 14. THE JUDGMENT OF THE IS-SAQUENA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CELL PHONE IN A JAIL OR CORRECTIONAL FACILITY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED AND FIVE YEARS TO SERVE, FOLLOWED BY FIVE YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ISSAQUE-NA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.